UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERREL HOLMES,<br><br>             Plaintiff,<br><br>       v.<br><br>M. MUELLER,<br><br>             Defendant. | Case No.  1:20-cv-00737-ADA-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STIRKE DEFENDANT'S ANSWERS AND AFFIRMATIVE DEFENSES WITHOUT PREJUDICE<br><br>(Doc. No. 34) |

Pending before the Court is Plaintiff's motion to strike Defendant's answers and affirmative defenses filed on March 10, 2023. (Doc. No. 34).  Plaintiff files the motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and seeks to strike Defendant's answers numbers 1, 6, 4, 5, and 10 and affirmative defenses numbers 1, 2, 3, 4, 6, 7. 8, and 9. (*Id*. at 1). Plaintiff generally argues Defendant's answers and affirmative defenses are "not well taken as a matter of law and not accompanied with pertinent authorities if any at all."  (*Id*.).  Other than listing the numbered answers and affirmative defenses to which Plaintiff objects, the motion is otherwise devoid of argument or citation to any authority.  Defendant did not file an opposition to Plaintiff's motion and the time to do so has expired.  L.R. 230(l) ("Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion.").

Under Federal Rule of Civil Procedure 12(f), courts "may strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966-67 (9th Cir. 2014) (internal quotations omitted). The burden lies with the moving party and requires, at a minimum, that the moving party state the basis for the motion with particularity and identify specifically the relief sought. *See Anderson v. Davis Polk & Wardwell LLP*, 850 S. Supp. 2d 392, 409 (S.D. NY. 2012); Fed. R. Civ. P. 7(b)(1). "Motions to strike are generally disfavored and 'should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation.'" *Luxul Tech. Inc. v. NectarLux, LLC*, 2015 WL 4692571, at *3 (N.D. Cal. Aug. 6, 2015) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)). Whether to grant a motion to strike ultimately lies within the discretion of the trial court. *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271-72 (N.D. Cal. 2015) (citations omitted).

Upon review, the Court finds Defendant's answers to numbers 1, 6, 4, 5, and 10 adequately comply with Rule 8. A pleader need only admit, deny, or state a lack of knowledge or information to admit or deny. Fed. R. Civ. P. 8(b). Plaintiff fails to specify how Defendant's answers are inadequate to warrant being stricken.

Rule 8(c) requires the responding party to "affirmatively state any avoidance or affirmative defense" and then provides a nonexhaustive list of affirmative defenses that may be pled in response to vitiate the plaintiff's claim. Fed. R. Civ. P. 8(c)(1); *Jones v. Bock*, 549 U.S. 199, 212 (2007) (finding list "nonexhaustive"). An affirmative defense is an assertion of facts that if proven would defeat or reduce the stated claim. Plaintiff's motion is procedurally defective because he only identifies the numbers of Defendant's affirmative defenses that he deems insufficient without any elaboration or explanation.[1] While certain of Defendant's affirmative defenses may be improper because they challenge a prima facie element of Plaintiff's claim, it is not the responsibility of the court to act as counsel for a pro se litigant. *Pliler v. Ford*,

---

[1] Failure to state a claim, no damages, and no causation simply attempt to negate portions of the prima facie case and are not proper affirmative defenses. *LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*, No. 20-CV-07905-WHO, 2021 WL 2953237, at *5 (N.D. Cal. July 14, 2021).

542 U.S. 225, 231 (2004).  Such action would undermine the Court's role as an impartial decisionmaker.  *Id*.

Accordingly, it is **ORDERED**:

Plaintiff's motion to strike Defendant's answers and affirmative defenses (Doc. No. 34) is **DENIED** without prejudice.

Dated:   April 10, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE