UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERREL HOLMES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. MUELLER,<br><br>　　　　　Defendant. | Case No.  1:20-cv-00737-ADA-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 37) |

　　　　Pending before the Court is Plaintiff's renewed motion for appointment of counsel filed on August 29, 2023. (Doc. No. 37).  Plaintiff, a state prisoner, who is proceeding pro se and *in forma pauperis* on his First Amended Complaint as screened, seeks appointment counsel because he is indigent and has limited access to the law library.  (Doc. No. 37 at 1-2).  Plaintiff believes his claims are complex and counsel would be better able to present testimony and evidence.  (*Id*. at 2).  The Court previously denied Plaintiff appointment of counsel.  (Doc. No. 32).  Plaintiff presents no changed circumstances for the Court to reconsider its previous order.

　　　　As previously advised, the United States Constitution does not require appointment of counsel in civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to

appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances."  *Id.* at 1181.  Plaintiff has not met his "burden of demonstrating exceptional circumstances*.*"  *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).

Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case."  *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018).   And his purported lack of legal knowledge is a normal challenge faced by all pro se litigants and does not warrant appointment of counsel.  *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants.").  The undersigned acknowledges that while the assistance of counsel may be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness.  *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).  Contrary to Plaintiff's assertion, the Court does not find the issues are "so complex that due process violations will occur absent the presence of counsel."  *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993).  Furthermore, this Court finds Plaintiff's statement concerning his limited access to the law library unavailing.  California Code of Regulations requires each warden to ensure a law library and for all inmates to have access.  *See* Cal. Code Regs. tit. 15 §§ 3120, 3123 (2022).

Accordingly, it is **ORDERED**:

Plaintiff's renewed motion for appointment of counsel (Doc. No. 37) is **DENIED**.

Dated:   September 21, 2023

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2